NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MING XUE,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   12-74185<br><br>Agency No. A088-794-941<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2018**
Honolulu, Hawaii

Before:  TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Ming Xue, a native and citizen of China, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an order by an Immigration Judge (IJ) denying applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition for review.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. The credibility determination was supported by substantial evidence. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (stating standard of review). Under the REAL ID Act of 2005, an "IJ may base an adverse credibility determination on any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a 'bearing on a petitioner's veracity.'" *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010)). In a credible fear interview, Xue claimed he had been beaten, hit, and kicked by officials who came to his home in 2006. However, at the hearing on his applications and in his asylum statement, Xue only testified to having collided with an officer as he ran down the stairs in 2006. Moreover, in the asylum interview, Xue said he was forced to stay with a relative and pay the government a fine after his wife's 1996 pregnancy. But, neither Xue's asylum statement nor his wife's letter mentions a forced stay with a relative or a fine.

2. These discrepancies provided substantial evidence for the adverse credibility finding. *See Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010) (holding that "a spouse or unmarried partner of a victim of forced abortion is not presumptively eligible for refugee status" and must provide evidence of his or her own "resistance to a coercive population control program" (citation omitted)); *Shrestha*, 590 F.3d at 1046–47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim

it doubtless is of great weight."). Because these inconsistencies are sufficient, we need not consider the other grounds relied on by the BIA. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) (stating that as "long as one of the identified grounds is supported by substantial evidence . . . we are bound to accept the IJ's adverse credibility finding").

The petition for review is **DENIED**.[1]

---

[1] Xue's challenge to the IJ's reliance on his credible fear interview and his argument that he was denied an opportunity to explain the omissions in his asylum statement and his wife's letter were not exhausted before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (holding that "we lack jurisdiction to review" claims not raised in a petitioner's brief before the BIA).